IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
May 22, 2012

IN RE:

JACLYN S. LANE,

        Debtor.

Case No. 12-10718-M
Chapter 7

## MEMORANDUM OPINION

THIS MATTER comes before the Court pursuant to the Response to Order to Show Cause, filed by Jaclyn S. Lane, Debtor herein. The Court must determine whether Ms. Lane was eligible to be a debtor under Title 11 of the United States Code at the time she filed her petition, and, if not, whether her post-petition actions operated to make her eligible. While the Court sympathizes with Ms. Lane's situation, it concludes that her case must be dismissed.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1334(b), and venue is proper pursuant to 28 U.S.C.A. § 1409.[1] Reference to the Court of this matter is proper pursuant to 28 U.S.C.A. § 157(a). A determination regarding an individual's eligibility to be a debtor under Title 11 is a core proceeding as contemplated by 28 U.S.C.A. § 157(b)(2)(A).

### Background

On March 16, 2012, Jaclyn S. Lane ("Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code, which was file stamped **at 8:02 PM CDT**.[2] As part of her petition, Debtor filed a form titled Exhibit D, which includes a certified statement, made under penalty of perjury,

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 et seq. (West 2012).

[2] *Docket No. 1.* Specifically, Debtor's case was filed by her attorney of record, Stephen Bulleigh, using the Court's Case Management/Electronic Case Filing System.

that she had received a briefing from an approved credit counseling agency "[w]ithin the 180 days **before the filing of [her] bankruptcy case**,"[3] and that she had a certificate from the agency that describes the services provided to her. The form directed her to attach a copy of the certificate to the petition, but she did not do so. On March 19, 2012, Debtor filed a Certificate of Counseling indicating that she had received a briefing from an approved credit counseling agency on March 16, 2012, **at 7:09 PM PDT (9:09 PM CDT)**, approximately one hour after the filing of this bankruptcy case.[4]

The Court issued an Order to Show Cause why this case should not be dismissed because, contrary to her certification on Exhibit D, the documents of record did not indicate that Debtor had received the counseling required by § 109(h)(1) within the 180-day period ending on the date of filing of the petition; nor had she requested an exemption or waiver of that requirement under any applicable statute.[5] Debtor filed a response ("Response"), wherein Debtor recites additional facts that she asserts are relevant to the Court's consideration of this matter:

> 1. On September 13, 2011, Debtor received a Certificate of Counseling from Abacus Credit Counseling, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Northern District of Oklahoma. A debt repayment plan was not prepared.
>
> 2. On March 16, 2012, Debtor met with her counsel to sign her bankruptcy petition, schedules, and related documents including Exhibit D certifying that she had received a briefing from an approved credit counseling agency "[w]ithin the 180 days before the filing of [her] bankruptcy case." At the time of the signing of Exhibit D, both the Debtor and her counsel, mistakenly believed that the Certificate of Counseling that she received on September 13, 2011 was received within the 180 days before the filing of the case which was to be filed that evening.

---

[3] *Id.* at 4–5 (emphasis added).

[4] *Docket No. 6.*

[5] *Docket No. 7.*

2

3. At 8:01 PM Central Daylight Time, counsel for Debtor filed the debtor's bankruptcy petition that was signed early that day. After filing the petition, counsel for Debtor started the process to file the Certificate of Counseling and noticed that the date of the certificate was actually 182 days prior to the date of filing the petition.

4. Immediately, counsel for the Debtor contacted the Debtor to inform her of what occurred and advised her to take another credit counseling course and receive another Certificate of Counseling. Counsel for the Debtor refrained from filing any further bankruptcy documents at that time.

5. On March 16, 2012, at 7:09 PM Pacific Daylight Time or 9:09 Central Daylight Time, Debtor obtained another Certificate of Counseling from Abacus Credit Counseling, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Northern District of Oklahoma. A debt repayment plan was not prepared.

6. After receiving the new Certificate of Counseling, counsel for the Debtor resumed filing and filed the remaining bankruptcy documents except for the Certificate of Counseling. Counsel for the Debtor decided to wait until the next business day to seek the advice of the United States Trustee on how to proceed in such a case.

7. On March 19, 2012, at approximately 9:00 AM, counsel for the Debtor contacted Terry Coble with the Office of the United States Trustee to seek his advice on which Certificate of Counseling to file. During the telephone conversation, Mr. Coble consulted with Katherine Vance. Mr. Coble then advised counsel for the Debtor to speak with the Court Clerk's office regarding the issue, and that he hoped that another filing fee would not be required. As of the time of this Response, the United States Trustee's office has not objected to the Debtor's Certificate of Counseling.

8. Directly after speaking with the Office of the United States Trustee, counsel for the Debtor contacted the Court Clerk to discuss the situation. He was advised to file the most recent Certificate of Counseling, and to wait and see if the Court would issue an Order to Show Cause.

9. On March 19, 2012, Counsel for the Debtor filed the March 16, 2012, Certificate of Counseling, and later that day the instant Order to Show Cause was filed by the Court on its own motion.[6]

Debtor does not argue that she has strictly complied with the requirements of § 109(h)(1) to be eligible as a debtor under Title 11, or that she qualifies for any of the statutory exemptions from

---

[6] *Docket No. 10.*

3

the requirement found in § 109(h)(2–4). Instead, she contends that dismissal of her case under these circumstances is not mandatory, and that the Court has discretion to excuse a debtor from strict compliance with the counseling requirement. Debtor posits that her case presents appropriate circumstances to exercise such discretion in her favor, and that the Court should allow her case to proceed.

## Discussion

*Eligibility under § 109(h)(1)*

In enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"),[7] Congress created a new pre-filing credit counseling requirement for all individual debtors seeking bankruptcy protection.[8] As enacted, § 109(h)(1) provided that, with certain exceptions,[9] an individual could not be a debtor under any chapter of the Bankruptcy Code unless he or she had received an approved briefing (commonly referred to as "credit counseling") "during the 180-day period **preceding** the date of filing of the petition . . . ."[10] Where none of the statutory exemptions applied, many courts, including this Court, adopted a strict interpretation of the 180-day provision. These courts routinely dismissed cases when debtors were found to be ineligible, whether because the credit counseling was taken outside the 180-day window, was taken from an unapproved

---

[7] Pub. L. No. 109-8, 119 Stat. 23 (2005).

[8] § 109(h)(1).

[9] Statutory exemptions were made available to those who resided in a district where no approved counseling services were available, § 109(h)(2); had requested counseling services but exigent circumstances necessitated an immediate filing before such services could be obtained, § 109(h)(3); or were incapacitated, disabled, or on active military duty in a military combat zone, § 109(h)(4). No argument has been made that any of these exemptions apply in the present case.

[10] § 109(h)(1) (2005) (amended 2010) (emphasis added).

source, or was taken post-petition without requesting a waiver and meeting the requirements of § 109(h)(3).[11]

A divide arose among bankruptcy courts under the original wording of § 109(h)(1) concerning when the "180-day period preceding the date of filing of the petition" terminated.[12] Two primary lines of cases developed, dubbed the "Plain Language" cases and the "Bright Line" cases. The Plain Language cases interpreted the term "date of filing" to mean "calendar day of filing." Under these cases, credit counseling had to be obtained no later than the day preceding the calendar day on which the petition was filed. In other words, credit counseling taken on the same day as the petition date, even if taken before the petition was filed, was considered too late under the statute. Under that reasoning, a strange window or gap existed on the morning of the petition date when any credit counseling obtained was not considered compliant with the statute. Under the Bright Line cases, the "date of filing" was interpreted to mean the *moment* of filing. Under the Bright Line rule, credit counseling would be compliant if taken any time in the 180-day period prior to the moment of filing the petition, even if that occurred on the same calendar day as the petition date. The Bankruptcy Appellate Panel for the Tenth Circuit considered the question in *In re Francisco* and

---

[11] *See, e.g., In re Giles*, 361 B.R. 212 (Bankr. D. Utah 2007) (court had no discretion to excuse noncompliance with § 109(h)(1) where credit counseling was received 182 days prior to filing); *In re Williams,* 359 B.R. 590 (Bankr. E.D.N.C. 2007) (certificate showing credit counseling taken 182 days prior to petition date did not meet requirements of § 109(h); case dismissed); *In re Charette*, No. 10-14292-R, 2011 WL 149203 (Bankr. N.D. Okla. Jan. 18, 2011) (case dismissed where credit counseling was received two days after filing petition in absence of meeting any statutory waiver requirements); *In re Robison*, No. 06-10212-M, Docket No. 13 (Bankr. N.D. Okla. March 16, 2006) (case dismissed where credit counseling taken during 180-day period, but not from an agency that was approved to provide counseling in district).

[12] *See In re Francisco*, 390 B.R. 700 (10th Cir. BAP 2008) for a thorough discussion of this issue.

followed the Bright Line cases.[13] It found the reasoning more persuasive and consistent with other provisions of the Bankruptcy Code, where "date of filing" is found to be synonymous with the moment of filing. The court noted the importance of demarcating pre- from post-petition events and the "overall critical importance in the bankruptcy context of the precise time at which an individual or entity becomes a debtor."[14]

As part of the Bankruptcy Technical Corrections Act of 2010,[15] § 109(h)(1) was amended to remove the word "preceding" and add the phrase "ending on," so that it now reads, "during the 180-day period **ending on** the date of filing of the petition. . . ."[16] Although the Court is not aware of any legislative history explaining the purpose of the correction, it must be assumed that the drafters were aware of the split of authority in interpretation of the language of § 109(h)(1), and this was their effort to resolve the controversy.[17]

The new language appears to clarify that credit counseling obtained at any time within 180 days of filing the petition, including up to the moment of filing, will qualify under § 109(h)(1), seemingly codifying the Bright Line rule adopted in *In re Francisco*. Ideally, the parameters of the counseling requirement would be crystal clear under the plain language of the amended statute, and the courts could move on to more substantive issues. Unfortunately, the drafters may have inadvertently created a new controversy. A major bankruptcy treatise has suggested that the

---

[13] *Id.* at 705.

[14] *Id.* at 704 (quoting *In re Moore*, 359 B.R. 665, 672 (Bankr. E.D. Tenn. 2006)).

[15] Pub. L. 111-327, 124 Stat. 3557 (Dec. 22, 2010).

[16] § 109(h)(1) (emphasis added).

[17] *See In re Koo*, No. 12-00121, 2012 WL 692578, at *1 (Bankr. D.D.C. March 2, 2012).

amended language of § 109(h)(1) arguably opens the door to allow the credit counseling to be obtained at any time on the date of filing the petition, including after the petition is filed with the court.[18] While this Court agrees that an ambiguity remains in the language of the statute, it has not identified any cases in support of the *Collier on Bankruptcy* interpretation and has found at least one court that has explicitly rejected it.[19] After careful consideration, this Court will follow the reasoning of *In re Francisco* and *In re Koo*, and adopt a Bright Line rule that the credit counseling requirement must be met prior to the moment of filing the petition.

The court in *In re Francisco* found the original language of § 109(h)(1) ("**preceding** the date of filing") to be ambiguous, and adopted the rationale that a bright line marking the *moment* of filing was needed to divide certain pre- and post-petition events, including the time during which a debtor must meet the credit counseling requirement.[20] Applying that same rationale to the amended language of § 109(h)(1), the Court finds that the phrase "180-day period **ending on** the date of filing" means that the period in question ends at the moment of filing the petition, and does not extend to the end of the calendar day of the petition date. Eligibility to be a debtor under Title 11 is measured as of the filing of the petition, and § 109(h)(1) establishes an explicit deadline for making that determination.[21] This logic is consistent with other provisions in the Bankruptcy Code that use the petition date to establish important deadlines for events that are routinely referred to as

---

[18] 2 Collier on Bankruptcy ¶ 109.09[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[19] *In re Koo*, 2012 WL 692578, at *1.

[20] *In re Francisco*, 390 B.R. at 705.

[21] *See In re Moore*, 359 B.R. 665, 671 (Bankr. E.D. Tenn. 2006); *In re Hudson*, 352 B.R. 391, 395 (Bankr. D. Md. 2006).

"pre-petition" or "post-petition."[22] In addition, using a Bright Line rule makes the requirement clear to all parties in interest, and avoids creating a post-petition gap or window period on the day the petition is filed when debtors might scramble to receive the required credit counseling.

A Bright Line rule is also consistent with the options provided on Exhibit D, which is the national form required to be filed with the petition.[23] Exhibit D asks debtors to certify their compliance with § 109 by indicating that they either 1) have already received approved credit counseling and are attaching evidence of same; 2) have already received approved credit counseling and will submit evidence of same within 14 days of the date of filing the petition; 3) meet the requirements of § 109(h)(3) to receive a temporary waiver, i.e., they requested counseling services but were unable to obtain the services within 7 days from the request and exigent circumstances required that the petition be filed; 4) meet the requirements of § 109(h)(4), i.e., incapacity, disability, active military duty in a military combat zone; or 5) the United States Trustee has determined the credit counseling requirement does not apply in that district. This form must be executed by the debtor under penalty of perjury. There is no option for the debtor to state that they have not received credit counseling, but plan to do so before midnight on the petition date.[24]

As indicated above, § 109(h)(2–4) provides various statutory exemptions from the required

---

[22] *See, e.g.,* § 522(o) ("in the 10-year period ending on the date of the filing of the petition"); § 522 (p) ("during the 1215-day period preceding the date of the filing of the petition"); § 1307(c)(11) ("that first becomes payable after the date of the filing of the petition"); § 1325(a) ("within the 910-day period preceding the date of the filing of the petition"). *See also In re Francisco*, 390 B.R. at 703; *In re Moore*, 359 B.R. at 672.

[23] Form B 1D (Official Form 1, Exhibit D) (12/09).

[24] The version of the national form (B 1D, Official Form 1, Exhibit D) currently in use was last updated in December 2009. It is noteworthy that the 2010 technical correction to § 109(h)(1) did not inspire a change in the form content to add an additional option.

credit counseling. Of most importance here, § 109(h)(3) provides an explicit scheme to follow if a debtor is aware that they have not received credit counseling within the relevant period. Given that such a detailed scheme is provided by the statute to request a temporary waiver of the credit counseling requirement in appropriate circumstances, it does not make sense that the statute would also create a window for those who are able to scurry and quickly complete the requirement before midnight on the petition date. This is not the kind of practice that the Court wishes to encourage or facilitate. The Court finds that the Debtor received the required credit counseling approximately one hour after her petition was filed, and therefore has not complied with the statutory requirement of receiving credit counseling "during the 180-day period ending on the date of filing of the petition."

*Jurisdiction and Discretion*

Debtor asks the Court to address two questions: 1) whether Debtor's failure to meet the eligibility requirements of § 109(h) deprive the Court of jurisdiction over her case; and 2) if dismissal is not mandatory for lack of jurisdiction, whether the Court should exercise its discretion to waive the credit counseling requirement in Debtor's case. The Court agrees with Debtor that eligibility to be a debtor under a particular chapter of the Bankruptcy Code is not the equivalent of a jurisdictional question.[25] As a case commenced by the filing of a voluntary petition under § 301(a), the Court clearly has jurisdiction to hear and determine this case and any core proceedings arising therein.[26]

---

[25] *See, e.g., In re Manalad*, 360 B.R. 288 (Bankr. C.D. Cal. 2007).

[26] *See* 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a), (b)(2). *See also In re Hamilton Creek Metro. Dist.*, 143 F.3d 1381, 1385 n.2 (10th Cir. 1998) (finding that none of the §109(c) criteria was jurisdictional in nature; affirming a bankruptcy court's decision to dismiss the case of a debtor that was found to be ineligible under § 109(c)); *In re Wenberg*, 94 B.R. 631, 635–37 (9th Cir. BAP 1988) (holding that eligibility under § 109(e) was not jurisdictional), *aff'd*, 902 F.2d

9

Debtor's second question is more troubling. Debtor seems to be asking the Court to consider an extreme scenario—for example, a debtor uses his or her ineligibility as an offensive tool to dismiss a case that the trustee or a party-in-interest recommends should be administered—and determine whether the Court would be required to dismiss the case, or whether it would have discretion to allow the case to be administered. No such scenario is presented in this case, and the Court will graciously decline the invitation to address that issue here.

Debtor seems to suggest that *if* the Court will concede that it has discretion to allow the administration of a case in extreme circumstances where a debtor uses their ineligibility offensively to seek dismissal, then the Court should also exercise similar discretion under the facts of the present case to allow Debtor's case to proceed. Debtor presented the Court with several cases outlining how various courts regard the issue of a debtor's eligibility under § 109(h) and whether any deficiencies could be cured. All this Court can conclude from reading these cases is that bankruptcy courts are in utter disagreement regarding the best way to address the issue when it arises, and that there are almost as many tests regarding a court's exercise of discretion to waive the counseling requirement as there are cases addressing the issue.[27]

Section 109 sets forth a fairly straightforward requirement that an individual must receive a briefing regarding credit counseling from an approved source during the 180-day period ending on the date of filing of the petition. Although it appears that Debtor has actually obtained two such briefings, neither of them falls within the statutory bounds of § 109(h). Debtor argues that because

---

768 (1990).

[27] *See, e.g., In re Manalad*, 360 at 288 (collecting cases); *In re Giles*, 361 B.R. 212 (Bankr. D. Utah 2007).

she got close, both by taking the course too early and too late, the Court should adopt a test that finds she has met the requirement in spirit. Courts that adopt such tests tend to conclude that the credit counseling requirement is of such little value that its enforcement is completely elective.[28] With all due respect, it is not the role of this Court to question the wisdom of the eligibility requirements found in § 109. Instead, "when the statute's language is plain, the sole function of the courts–at least where the disposition required by the text is not absurd–is to enforce it according to its terms."[29] While the dismissal of this case may cause additional expense and burden to the Debtor if she chooses to file again, such an outcome can hardly be considered absurd.[30] In the absence of something akin to abuse of the bankruptcy system, it is not the Court's place to consider waiving such a requirement.[31]

## Conclusion

The Court concludes that even if it has discretion to waive the credit counseling requirement of § 109(h)(1) in some circumstances, such circumstances are not present in this case. In the absence of a valid exemption or other waiver under § 109(h)(2–4), the Court finds that Debtor is not eligible to be a debtor under Title 11 of the United States Code, and that her case shall be dismissed.

A separate judgment consistent with this Memorandum Opinion is entered concurrently

---

[28] *See, e.g., In re Manalad*, 360 B.R. at 308–10 (concluding that any "reasonable explanation" was sufficient to waive the requirement).

[29] *See Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (citations omitted).

[30] This conclusion certainly depends on your definition of "absurd."

[31] The Court will not outline the parameters of its discretion on this issue, if any, until a case meriting such consideration is presented.

herewith.

       Dated this 22nd day of May, 2012.

                              BY THE COURT:

                              TERRENCE L. MICHAEL, CHIEF JUDGE
                              UNITED STATES BANKRUPTCY COURT

6337.3